1  JASON M. WUCETICH (SBN 222113)
   jason@wukolaw.com
2  DIMITRIOS V. KOROVILAS (SBN 247230)
   dimitri@wukolaw.com
3  WUCETICH & KOROVILAS LLP
   222 N. Pacific Coast Hwy., Suite 2000
4  El Segundo, CA 90245
   Telephone:  (310) 335-2001
5  Facsimile:   (310) 364-5201

6  Attorneys for Plaintiff
   ELIZABETH MOORE, individually and
7  on behalf of all others similarly situated

8

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11

| 12 | ELIZABETH MOORE, on behalf of herself and all others similarly situated, | CASE NO.  2:23-cv-07792-TJH-MRW |
|----|---|---|
| 13 | | **CLASS ACTION** |
| 14 | | **NOTICE OF MOTION AND MOTION TO REMAND** |
| 15 | Plaintiff, | |
| 16 | v. | Hearing Date:  November 6, 2023<br>Time:              Under Submission<br>Judge:             Hon. Terry J. Hatter<br>Courtroom:     9C |
| 17 | ENTERTAINMENT PARTNERS, LLC, and DOES 1-10, | |
| 18 | Defendants. | |

---

NOTICE OF MOTION TO REMAND

| | |
|---|---|
| 1 | TO THE CLERK OF COURT, ALL PARTIES, AND THEIR ATTORNEYS OF |
| 2 | RECORD: |
| 3 | PLEASE TAKE NOTICE that, on November 6, 2023, before the Honorable |
| 4 | Terry J. Hatter in Courtroom 9C of the above-entitled court, located at the First |
| 5 | Street Courthouse, 350 W. 1st Street, 9th Floor, Los Angeles, California 90012, |
| 6 | plaintiff Elizabeth Moore, individually on behalf of all others similarly situated, |
| 7 | will and hereby does move the Court for an order remanding this matter to the |
| 8 | Superior Court of California, County of Los Angeles, and requiring defendant |
| 9 | Entertainment Partners, LLC, to pay all attorneys' fees and costs incurred in |
| 10 | connection with the motion in the amount of at least $9,500.  Pursuant to the |
| 11 | judge's standing Law and Motion Schedule and procedures, the motion will be |
| 12 | taken under submission as of the scheduled date of the hearing with no appearance |
| 13 | necessary unless otherwise ordered by the Court. |
| 14 | Plaintiff brings this motion pursuant to 28 U.S.C. § 1332, 1441, and 1447 on |
| 15 | grounds that Defendant's removal of this action from state court was improper |
| 16 | because Defendant has failed to meet the requirements for removal jurisdiction |
| 17 | under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  Specifically, Defendant |
| 18 | has failed to prove both the minimum diversity and amount in controversy |
| 19 | requirements.  Defendant is a California citizen, as is Plaintiff, and her proposed |
| 20 | class definition is expressly limited to California citizens.  Defendant's assertions |
| 21 | regarding the amount in controversy are entirely speculative.  Defendant improperly |
| 22 | relies on inapposite, unpublished cases in support of an argument that the Court |
| 23 | should expand Plaintiff's complaint beyond its terms and incorporate into the |
| 24 | CAFA analysis the class definitions and allegations of other lawsuits not filed by |
| 25 | Plaintiff.  The Court should reject that argument, for the reasons set forth in the |
| 26 | accompanying memorandum. |
| 27 | Moreover, even if Defendant were able to satisfy CAFA's initial |
| 28 | requirements, the home-state exception of § 1332(d)(4)(B) mandates that the Court |

decline to exercise jurisdiction.

The Court should also reject Defendant's argument in its notice of removal that removal in necessary in order to effectuate all cases stemming from the cybersecurity incident being consolidated into one forum. Defendant has purposefully chosen not to remove another later-filed state court action.[1] That Defendant would espouse to this Court the need to corral all cases, yet leave out another state court action, is disingenuous at best and, at worst, a tactic to facilitate a reverse auction in any later settlement discussions. The Court should reject such machinations.

Moreover, because Defendant lacked an objectively reasonable basis on which to remove, Plaintiff is entitled to an award of all attorneys' fees and costs incurred in connection with this motion. *See* Korovilas Decl. ¶ 2.

This motion is based on this notice of motion, the concurrently filed memorandum of points and authorities, the concurrently filed declaration of Dimitrios V. Korovilas, the concurrently filed proposed order, all other pleadings and papers on file in this action, any matters over which the Court may take judicial notice, and any oral arguments the Court may decide to consider in this matter.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on September 26, 2023.

Dated: October 9, 2023                    WUCETICH & KOROVILAS LLP

By:   /s/ Dimitrios V. Korovilas
         DIMITRIOS V. KOROVILAS
         Attorneys for Plaintiff
         ELIZABETH MOORE,
         individually and on behalf of all others
         similarly situated

---

[1] *See Hasbrook v. EP Global Production Solutions, LLC*, Los Angeles Superior Court Case No. 23STCV19711 (filed August 17, 2023).